May it please the court, Tom Dyson is on behalf of the plaintiff, Joe Cook, and this is a case that is on appeal by the plaintiff appellant and it concerns issues of the Washington State Industrial Insurance Act. I'd like to mention briefly that it is an industrial insurance act and it's funded by the employers and also third party liability recoveries that they make to keep the fund going. And under this particular act, the court and the lower court, in our opinion, did not enforce or even consider the act because the burden of proof was on the defendant in this particular case to prove that they had immunity under this act. He had to prove that he wasn't an employee, right? He had to present evidence that he wasn't an employee. I'm sorry, Your Honor, I missed the first part of your statement. Cook had to present some evidence that he wasn't an employee. Yes.  Well, that's an issue of, I think that's the second part of it. If he was going to be an employee, it's an issue of whether he's an independent contractor or an employee. And that's completely, as the courts have stated, an issue of fact to be determined by a prior fact. You can't make that a matter of law. But I think going back to the statute, if you don't have immunity under the statute and the defendant in this particular case did not pay any premiums to protect this man, and that was shown by the statement of Mr. Klingman and the affidavit of the president of the company didn't give us any clarification on that. And the documents we show that they did not pay premiums. So, therefore, Mr. Cook, if they don't meet this burden, would be able and entitled to bring a common law action for the damages that he has sustained in this particular case. So if the employer doesn't pay the premiums, why doesn't that just mean that they have an obligation that they owe the state? Well, the statute actually says that they shall pay premiums. And there has been no particular case that's discussed that on point. But all the cases have discussed that to have that immunity. And it says that when an employer pays its industrial insurance premiums pursuant to 2A, then it gets the immunity. Do they have other employees? Pardon? Do they have other employees? Oh, they had hundreds of employees. They should include him in their premium payments. Yes. They intended not to. They were paying premiums. They were paying premiums on other employees, but they did not include him. That was what the affidavit of the. . . Is there any evidence as to whether any other employee taxes, employer or employee taxes were paid for Cook? We don't have any evidence of that, Your Honor. This is the only evidence of the only employee that they didn't pay taxes for. Well, I think the fundamental problem with this decision is that it's on summary judgment, and it seems as though the court engaged in a lot of fact-finding. I'd say that the court made a lot of findings. They put all the burden on the plaintiff in this case, and the plaintiff's the non-moving party. Well, the plaintiff had some burden, but it didn't seem to apply the. . . As Judge Paez said, the plaintiff had a burden of showing it fit within the exception. But on summary judgment, all the facts weren't taken in the light most favorable to your client, which is the standard. Instead, there was fact-finding made by the district court judge. One question of law that I have in this particular case, which is the one that most concerned me, was, is your client barred from pursuing the negligence action because he accepted the benefits that the L&I had determined he was entitled to receive? Now, that is a question of law which all the questions of fact would necessarily go by. And as far as I could find, there isn't any Washington case directly on point, but the best we have is that Hildahl v. Bringhoff, or Bringhoff, or whatever it is. Yes. From Idaho, I don't know how to pronounce too good, but . . . Well, actually, if the . . . I agree, that's the only case that really discusses the issue. Well, it really doesn't decide it. It doesn't. It just seems to leave it out there hanging as if it were the way it is. But then I read Sena and Minton, and I read all the cases because, in effect, that would have effect regardless of what the facts were on that particular issue. Well, and the way it is set up statutorily, Your Honor, is that if Mr. Cook was able to proceed, if he made any recovery, and then, of course, the fund would then recover back under the third-party provisions. And it's very strange to me, Your Honor, but as you have seen from our briefs, Mr. Cook didn't make this application. They actually falsified the documents about his status to get him workman compensation benefits when he was in the hospital down here and so forth. And the only thing that Mr. Cook did was receive something later, when he was in the hospital in Vancouver from the state of Washington, asking him a few questions, and that document is also in the case. But the actual application, two applications went in. One was when he was in Grays Harbor Community Hospital when he was first injured, and he was unable to sign that, and so they sent that in to workman comp because when workers come in, that's kind of a standard procedure that hospitals do. And that wasn't signed by Mr. Cook, and Mr. Cook really has no knowledge of it. It must have been filled out by somebody that was with him. And that one states that he was not doing his ordinary job, but he didn't have anything to do with filling that out. And then the subsequent October 10th, I think it was, a document that was filed where that came from the defendant's offices, and that document stated that Mr. Cook was a fish processor. It stated he had a Social Security number and he's a Canadian citizen and he's not a green card carrier, and that's why they hired him. Well, frankly, those are all questions of fact, I think, that go to whether he's an independent contractor, he's an employee, and we could get to that and say, well, there are questions of fact, so judge, start over again. I'm looking at legal issues which, regardless of how those come out, and if there is such a case that says, hey, you get these benefits, you're done, that would be what we'd be looking for, and I didn't find one, and I suspect you wouldn't have wanted necessarily to find one, but being the good counselor that you are, there are none, is there? No, we found none that would approach that, Your Honor. I hear you correctly that you said that if Mr. Cook were to prevail, he would have to pay back. Yes, that's the statutory scheme. That's in the statute. Yes, that's in the statute, yes. And since he would go back to his common law remedy if he went to trial, and if he failed at trial, then it would be like a third-party claim, and then he would have to pay back the state of Washington under their statutory scheme. All right, why don't we hear from Ocean Gold Seekers? Thank you. Thank you. Good morning, Your Honor. May it please the Court, my name is Jeff Adams on behalf of Ocean Gold Seafoods. I believe the key issue in this case is whether or not Mr. Cook was a worker, as that term is defined in the statute. If he's a worker, then the Industrial Insurance Act is a bar, and he cannot sue his employer. That looks like a factual dispute here. I don't believe it is, Your Honor, and here's why, is that even if you take the facts most favorable to the plaintiff, in this case the worker definition has two parts. One part talks about an employee. The second part talks about an independent contractor under certain circumstances can be a worker. Did Cook cross-move for summary judgment on that issue? No, he did not. Okay, because I'd be careful with that argument. If you think this is really a question of law, we might just decide it the other way under the summary judgment standard. I understand that, Your Honor. I mean, taking the facts most favorable to Cook, it doesn't look to me that there was an employee relationship. It looks like it was an independent contractor relationship. But if you look at the second part of the statute, and I'll read it to you, Your Honor, defining a worker, it says every person in this state who is engaged, also every person in the state who is engaged in the employment of or who is working under an independent contract, the essence of which is his or her personal labor for an employer under this title. But isn't that a question of fact, too, whether or not it was just the essence of this thing was personal labor? I don't believe so, Your Honor. There's no facts to show under the way the definition is of personal labor, the way our courts have defined it. Your company could not even legally hire Mr. Cook as an employee in the United States. It would be a federal crime to do that. He did not have a green card. He wasn't a U.S. citizen. So you're going to stand up here and say your client broke the law and therefore they don't have to pay? I don't know that that's established fact at all. You don't know about the immigration laws? Well, it's in here. The court said that he didn't have a green card to be working here. Well, that's not in the summary judgment papers that I looked at, Your Honor. There's no factual order. I know it's in the judge's order, but it's not in the facts here. How did it get in the judge's order if it's not in the facts? I don't know. I can't answer that question for you. Mr. Wood had a green card and was authorized to work here in the United States? Mr. Cook, I don't know, Your Honor. I have no idea. Again, I'm looking at the material that was submitted here. Well, but the material is pretty straight, as I understand the record, which is the worry that my colleague is going under, and the facts are, as I understand it, that in 1997, the chief financial officer, the purpose of the contract was to affirm that Cook did not want to enter into an employee contract, did not want to deal with a green card, did not want to pay withholding premiums for employment or Washington security taxes. Well, two things. First of all, As I understand, that's what the chief financial officer said was the basis of this contract. That's what he says in his declaration. We've stricken that declaration, one, because he's not a speaking agent for the company. Secondly, when you look at The chief financial officer isn't a speaking agent for the company? He was not, Your Honor. But going back to the argument that I think is germane here, when you look at the essential purpose, the district court said, when you're talking about whether an independent contractor falls within this definition of worker, there's three areas in which our courts have said does not fall, an independent contractor is not within the, well, they say the essence of which is personal labor. There's only one that the plaintiff in this case is claiming applies, and that is he's saying the contract could not be performed without the assistance of others. This contract was performed by Mr. Cook without any assistance from anybody else. His responsibilities under this relationship was to go up to Canada, contact a fisherman, and purchase the fish. He was able to do that without help of anybody else. And, indeed, the district court made a finding that his duties of consulting, negotiating, and arranging for the delivery of hake did not require the help of anyone. Counsel argues, well, of course he needed the help because someone else had to catch the fish. That argument is not germane. That doesn't follow from this, that he had to have that help. He didn't guarantee that there was going to be a certain amount of fish, like so much tonnage. He didn't guarantee that he was going to purchase that. His duties were to go up there and meet the fisherman, arrange to get their fish, and have that fish delivered. Again, he didn't need the help of anybody else. And that's what our Washington Supreme Court has said is the factor that determines whether or not this is a contract, the essence of which is for personal labor. Well, I guess my worry is that it seems to me the first question is, is there an employer-employee relationship suggesting that one would have fallen employment in any stretch of the imagination? And then the second question is, if in the employer-employee relationship, is it personal labor? And then the third part is that even if not personal labor, one can go to the requirements that are under the statute, six of them, and suggest that then they're not a worker if they meet one of those. I agree with that analysis. And so if I don't have a worker relationship in the first place, I don't even get to your argument. No, I don't agree with that, Your Honor, because a worker relationship can be one of an employer-independent contractor. That is the definition of the worker that is contained in the statute. The statute says if you have an independent contract, the essence of which is personal labor, you are a worker under the statute. And this was a contract of personal labor. It was a contract of personal labor because there's three exceptions to that, which our court has identified. He does not fall within any of those three that the court has said. If you fall within one of these, it's not a contract for personal labor. None of those apply, so he meets that first requirement. This is an independent contract for personal labor, even under the facts most favorable to the plaintiff. Are you abandoning your idea about having received the wages as a dead set? No. No, we're not abandoning that, Your Honor. I would agree, and unfortunately there isn't a Washington case directly on point, but it seems to me that if you, as an employee, in this case, knowingly take benefits from L&I, that you at that point have given up your right to claim that you can sue the employer. Seems kind of strange. I thought this was kind of an odd situation because, on the one hand, it appears that your client really didn't want to employ him as a true employee. They wanted him as an independent contractor. They didn't want to pay premiums for him. They didn't want to pay any of the taxes for him. But then when he was injured on their premises,  they took our benefit to treat him as an employee and to have him receive workers' comp benefits. Because, if he does, he can't sue us. Well, I can't answer that question. All I can tell you, Your Honor, I find it very troubling. Well, Your Honor, I guess I also find it very troubling that he is a Canadian citizen and he's working here in the United States as well. Well, that With all of this and then with all of these rules taking place, how they all overlap and how they fit together. Well, it's his responsibility, Your Honor, if he was going to be here and not fall within this worker definition to meet the requirements under the exception under 195, the six requirements, which meant that he needed to contact the Washington Department of Revenue, obtain the appropriate Wait a second. The other thing that's why I think that statute doesn't even apply to this situation is that he doesn't owe United States income tax. Well, I I mean, it doesn't even apply. I mean, how could he owe U.S. income tax, federal income tax? Your Honor, if he's working here in the United States He's a citizen of the United States. He might have to pay Canadian income tax. Well, again, I'm not a tax lawyer, but if you work here in the United States, I believe you're under our tax laws. You don't have to pay taxes on the money you earn. I don't know what your specialty is, but I think there's some real implications of your arguments for both the immigration and the tax laws. You're talking not just income tax, but employment tax as well. I agree. But if you want to fall within that exception and be outside the purview of a worker, it was incumbent upon him to satisfy those six requirements. Well, your time is up. Thank you very much. You know, counsel, we have to go quickly today because we've got airplanes and cars and people. I appreciate it. Thank you, Your Honor. So, thank you. Your time is up. I thought when I sat down... You did not. You had time left. Yes. And the deputy clerk will put up how much time you had left. I don't remember. I was going to say $1.59 a minute and 59 seconds. My only additional comment, Your Honor, would be that we think that under the first argument I was making that he should have a common law right to bring an action against his employer because they did not conform with the statute. But then I would say that if that was for some reason not allowed, then clearly it's a factual issue in this particular case of whether or not he was a worker or independent contractor. I mean, the evidence, we think, weighs very heavily that he was an independent contractor. That's what these people agreed to. Can you assume your client has the burden, if he is an independent contractor, to meet one of the six requirements under the statute? Well, I think he meets all the requirements under the alternate exception, Your Honor, except for he can't meet the requirements about the tax code and so forth. But I think he has substantially complied. But if we went that way, you'd know that he would have the burden to meet those six requirements, correct? That would be correct, yes. But I'll just say that I think just by what has happened and what the record reflects that if this man got hurt, for example, while meeting one of the fishing people on a dock in Canada, making arrangements for these folks to get fish, that clearly the defendants would take the position that he was an independent contractor in this particular case. Thank you. Thank you, counsel.
judges: Wardlaw, Paez, Smith N. R.